# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | |
|---|---|
| MARK SIMON, | ) |
|     Plaintiff-Appellee, | ) No. 17-cv-09362 |
| | ) |
| v. | ) Judge Andrea R. Wood |
| | ) |
| CONSTANTINO JOSEPH BOCCARSI, et al., | ) On Appeal from the United States |
| | ) Bankruptcy Court for the Northern |
|     Defendants-Appellants. | ) District of Illinois, No. 17-A-00176 |

## MEMORANDUM OPINION AND ORDER

Plaintiff-Appellee Mark Simon filed a complaint in Arizona state court against Defendants-Appellants Constantino Joseph Boccarsi and Cari Ann Coglianese (the "Debtors") asserting a claim for securities fraud under Arizona law. Ultimately, a default judgment was entered against the Debtors. When the Debtors later filed for Chapter 7 bankruptcy, they sought to discharge the debt arising from the default judgment. However, Simon filed an adversary complaint before the Bankruptcy Court and moved for summary judgment, arguing that the debt was not dischargeable under 11 U.S.C. § 523(a)(19). The Bankruptcy Court granted his motion and the Debtors now appeal. For the reasons explained below, this Court affirms the Bankruptcy Court's decision.

### BACKGROUND

The material facts before the Bankruptcy Court were undisputed. Because the Court reviews the Bankruptcy Court's findings of fact for clear error, the Court takes the following facts from the Bankruptcy Court's Memorandum Opinion on Simon's Motion for Summary Judgment (R. 294–313, Dkt. No. 10-4).

On May 16, 2008, Simon filed a verified complaint against several parties, including the Debtors, in Arizona state court. According to the complaint, Boccarsi approached Simon in May 2006 regarding a unique and promising investment opportunity in a stock-trading program. Boccarsi further told Simon that the program had "never had a losing day," that "no investor had ever lost any money" in the program, and that participation in the program "enabled investors to realize lucrative short-term profits."

Following this initial approach, another defendant named in the state court complaint, Allen J. White, called Simon three or four times in May 2006 to encourage Simon to invest in the stock-trading program. White also drafted an Investor Agreement to secure Simon's investment. White assured Simon that the agreement would protect everyone who participated in the program. Based on his interactions with Boccarsi and White, Simon decided to participate in the stock-trading program and transferred $100,000 to Boccarsi on May 22, 2006. However, Boccarsi informed Simon that he needed to contribute another $100,000 under the Investor Agreement. Boccarsi again assured Simon of the "inherent success" of the program. Based on those representations, Simon agreed to transfer an additional $100,000 to Boccarsi.

According to the complaint, at all relevant times, Boccarsi was not an investment advisor. The complaint also alleged that Boccarsi never invested Simon's funds in a stock-trading program as promised and did not even have access to any such program. In February 2007, Simon demanded Boccarsi return all the money he transferred to him. But Boccarsi informed Simon that due to trading losses, only $37,000 of his initial investment remained. Boccarsi eventually returned $34,000 to Simon in mid-2007.

Simon's state court complaint set forth five claims against Boccarsi. Two were ultimately dismissed, leaving claims for securities fraud, common law fraud, and negligent

2

misrepresentation—all under Arizona law. On May 15, 2009, counsel for the Debtors filed a motion to withdraw from the state court action. In that motion, withdrawing counsel certified that the Debtors had been notified about the status of their case, given the dates and times of upcoming court hearings, informed of the need to comply with court orders, and warned of the possibility of sanctions for non-compliance with court orders. Nonetheless, the Debtors subsequently missed a court proceeding that they had been ordered to attend. As a result, the state court struck the Debtors' answer to Simon's complaint. Then, on November 24, 2010, the court entered a default judgment against the Debtors and awarded Simon $243,359. That judgment was amended on May 19, 2011 to make clear that it was a final judgment.

On September 14, 2016, the Debtors filed a voluntary petition for Chapter 7 bankruptcy in the Bankruptcy Court. They listed Simon as a creditor with an unsecured claim. Simon filed an adversary complaint against the Debtors seeking a determination from the Bankruptcy Court that the Debtors' debt to Simon was non-dischargeable. Simon then moved for summary judgment based on his claim that the debt was non-dischargeable under 11 U.S.C. § 523(a)(19) because it arose from a judgment for securities fraud under Arizona Revised Statutes § 44-1991. The Bankruptcy Court agreed and entered summary judgment in Simon's favor.

In its order granting summary judgment, the Bankruptcy Court held that the Debtors forfeited their ability to contest the facts in the state court complaint by defaulting, and the complaint sufficiently established that the Debtors' debt arose out of a violation of state securities law. Moreover, while normally a default judgment would not be given preclusive effect under the common law doctrine of collateral estoppel, the Bankruptcy Court found that the plain language of § 523(a)(19) preempted the normal common law doctrine and gave preclusive effect to any judgment, including a default judgment. The Debtors now appeal the Bankruptcy Court's

3

determination that the state court complaint established that the Debtors violated Arizona securities law.

## DISCUSSION

Under 28 U.S.C. § 158(a), federal district courts have jurisdiction to review bankruptcy court decisions. When considering a bankruptcy appeal, a district court reviews the bankruptcy court's findings of fact for clear error while its conclusions of law are reviewed *de novo*. *Stamat v. Neary*, 635 F.3d 974, 979 (7th Cir. 2011); *In re Brittwood Creek, LLC*, 450 B.R. 769, 773 (N.D. Ill. 2011).

The primary purpose of the Bankruptcy Code is "to grant a 'fresh start' to the 'honest but unfortunate debtor.'" *Marrama v. Citizens Bank of Mass.*, 549 U.S. 365, 367 (2007) (quoting *Grogan v. Garner*, 498 U.S. 279, 286, 287 (1991)). One way that Chapter 7 of the Code achieves that end is by allowing an insolvent individual to discharge unpaid debts. *Id.* However, the statute exempts certain debts from discharge. As relevant here, 18 U.S.C. § 523(a)(19) provides that a debt is non-dischargeable when it:

> **(A)** is for—
>
> > **(i)** the violation of any of the Federal securities laws (as that term is defined in section 3(a)(47) of the Securities Exchange Act of 1934), any of the State securities laws, or any regulation or order issued under such Federal or State Securities laws; or
> >
> > **(ii)** common law fraud, deceit, or manipulation in connection with the purchase or sale of any security; and
>
> **(B)** results, before, on, or after the date on which the petition was filed, from—
>
> > **(i)** any judgment, order, consent order, or decree entered in any Federal or State judicial or administrative proceeding;
> >
> > **(ii)** any settlement agreement entered into by the debtor; or

**(iii)** any court or administrative order for any damages, fine, penalty, citation, restitutionary payment, disgorgement payment, attorney fee, cost, or other payment owed by the debtor.

To establish that a debt is non-dischargeable under the statute, two conditions must be satisfied: "first, the debt stems from a violation of securities laws or a fraud in connection with the purchase or sale of a security, and second the debt is memorialized in a judicial or administrative order or settlement agreement." *In re Clements*, 570 B.R. 803, 808 (Bankr. W.D. Wis. 2017).

While the Debtors contended before the Bankruptcy Court that the Arizona state court's default judgment did not have preclusive effect under § 523(a)(19), they wisely do not challenge its determination to the contrary on appeal. Normally, judgments entered in default do not have preclusive effect in Arizona because no issues were actually litigated. *E.g.*, *Circle K. Corp. v. Indus. Comm'n of Ariz.*, 880 P.2d 642, 645 (Ariz. Ct. App. 1993). However, because § 523(a)(19) applies to "***any*** judgment [or] order," it "alters the normal collateral estoppel rules." *In re Friedman*, 531 B.R. 741, 746–47 (Bankr. N.D. Ill. 2015). In *Meyer v. Rigdon*, 36 F.3d 1375 (7th Cir. 1994), the Seventh Circuit considered substantially similar language in a different subsection of § 523(a) that made non-dischargeable any debt "provided in any final judgment, unreviewable order, or consent order or decree . . . arising from any act of fraud or defalcation while acting in a fiduciary capacity committed with respect to any depository institution or insured credit union," 11 U.S.C. § 523(a)(11). The Seventh Circuit held that the "any final judgment, unreviewable order, or consent order" language "requires the bankruptcy court give preclusive effect to dispositions, like default judgments (a default judgment is ***any*** judgment) . . . that would not be given preclusive effect under the common law." *Meyer*, 36 F.3d at 1380. Bankruptcy courts in this Circuit have found that holding equally applicable for debts arising under § 523(a)(19). *See In re Clements*, 570 B.R. 803; *In re Friedman*, 531 B.R. 741.

Nonetheless, the Debtors contend that the Bankruptcy Court erred when it failed to analyze whether the complaint's allegations—all deemed admitted due to the striking of the answer, *e.g.*, *Clements*, 2017 WL 3207767, at *3—actually established securities fraud under Arizona law. In particular, they contend that the complaint did not state a claim for securities fraud with particularity as required by Arizona's analog of Federal Rule of Civil Procedure 9(b). *See Green v. Lisa Frank, Inc.*, 211 P.3d 16, 33 (Ariz. Ct. App. 2009). However, Simon contends that no such analysis is necessary, as the default judgment conclusively establishes the Debtors' liability on each cause of action. The Court does not find it necessary to resolve this disagreement, as the allegations in the state court complaint sufficiently establish securities fraud.

Under Arizona Revised Statutes § 44-1991, it is a fraudulent and unlawful practice to "[e]mploy any device, scheme or artifice to defraud" or "[m]ake any untrue statement of material fact" in connection with an offer to buy or sell securities or a sale or purchase of securities. With respect to false statements, it is sufficient that the statements were material and misleading. *Aaron v. Fromkin*, 994 P.2d 1039, 1042 (Ariz. Ct. App. 2000). "The speaker's knowledge of the falsity of the statements is not a required element."[1] *Id.* The allegations in the complaint here are properly particularized and more than sufficient to state a securities fraud claim for making an untrue statement of material fact. Simon points to numerous material false statements made by Boccarsi. Most prominently, Boccarsi told Simon that the funds would be invested in a stock-trading program, but they never were. Indeed, Boccarsi did not even have access to a stock-trading program in which to invest the funds. Moreover, Boccarsi represented that the (non-existent) program never had a losing day, no investor had ever lost any money in the program, and

---

[1] The Debtors argue that a plaintiff must plead scienter with particularity under § 44-1991. (Br. of Appellants at 15, Dkt. No. 11.) However, scienter is only an element when alleging a "device, scheme or artifice to defraud." *Rose v. Dobras*, 624 P.2d 887, 892 (Ariz. Ct. App. 1981). It is not an element for a cause of action based on a false or misleading statement. *Id.*

it enabled investors to realize lucrative short-term profits. Those statements were false and certainly material. And because those statements alone "plead[ed] all the essential elements of fraud," Simon met the pleading standard of Arizona's version of Rule 9(b). *Steinberger v. McVey ex rel. Cty. of Maricopa*, 318 P.3d 419, 435 (Ariz. Ct. App. 2014). Thus, Simon's complaint adequately set forth a claim for securities fraud and therefore the Debtors' debt was one for a violation of state securities law.[2]

Finally, the Debtors briefly suggest in a footnote that the complaint before the Bankruptcy Court contradicts the claim of securities fraud because it alleges that Boccarsi embezzled the $200,000 that was the subject of the securities fraud. Yet the Debtors do not explain why those allegations are contradictory. Indeed, the securities fraud could have been consummated prior to Boccarsi obtaining the $200,000, and the fact that he subsequently failed to invest that money does not negate his fraud. *Cf. SEC v. Zandford*, 535 U.S. 813, 819 (2002) (upholding the SEC's interpretation of the phrase "in connection with the purchase or sale of any security" in § 10(b) of the Securities Exchange Act of 1934 and Rule 10b-5 as encompassing instances where a broker "accepts payment for securities he never intends to deliver"). And in any case, while the "pleading rules do not tolerate factual inconsistencies in a complaint, they do permit inconsistencies in legal theories." *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008). In addition, the Debtors allude to several additional errors committed by the Bankruptcy Court but do not actually make an argument concerning those errors or point to any facts or legal authority supporting their claims of error. Such "perfunctory and undeveloped" arguments are waived on appeal. *Argyropolous v. City of Alton*, 539 F.3d 724, 738 (7th Cir. 2008).

---

[2] Simon's state court complaint also alleged that the Debtors employed a "device, scheme or artifice to defraud." While the Court agrees that the complaint's allegations adequately establish that claim as well, for present purposes it is enough that Simon established a violation of § 44-1991 by making a false statement in connection with the offer to sell securities.

In sum, the state court default judgment was a final judgment for purposes of § 523(a)(19) and the complaint's allegations support a claim for securities fraud under Arizona Revised Statutes § 44-1991. Therefore, the Bankruptcy Court did not err in holding that the debt arising out of that default judgment is non-dischargeable under § 523(a)(19).

## CONCLUSION

For the foregoing reasons, the Bankruptcy Court's order granting summary judgment in favor of Simon is affirmed. The Clerk is directed to enter Judgment in favor of the Defendants-Appellees.

ENTERED:

Dated:  September 20, 2018

_____
Andrea R. Wood
United States District Judge